```
                                                              FILED
                                                         U.S. DISTRICT COURT
                  UNITED STATES DISTRICT COURT                  DIVISION
                  SOUTHERN DISTRICT OF INDIANA   07 FEB -6 AM 11: 53
                        NEW ALBANY DIVISION
                                                   SOUTHERN DISTRICT
                                                       OF INDIANA
                                                    LAURA A. BRIGGS
                                                         CLERK
```

PAMELA WALKER, Individually )
and on behalf of all others similarly )
situated, ) **4:07-CV-0014 SEB - WGH**
        **PLAINTIFF** )
)
v. )
) CIVIL ACTION NO. _____
FLOYD COUNTY, INDIANA )
SERVE: Mark Seabrook )
        County Commissioner )
        City-County Building )
        311 West First Street )
        New Albany, Indiana 47150 )
)
-AND- )
)
DARRELL MILLS, Individually )
and in his official capacity as )
Floyd County Sheriff )
311 Hauss Square )
New Albany, Indiana 47150 )
)
-AND- )
)
JOHN and JANE DOES, Nos. 1, 2 and 3, )
Individually and in their official capacity )
as medical professionals, officers and )
employees of the Floyd County Jail, )
)
        **DEFENDANTS.** )

## CLASS ACTION COMPLAINT

### I. Introduction

1.    Plaintiff Pamela Walker files this action in her individual capacity and on behalf of all persons who, while incarcerated at the Floyd County Jail ("the Jail") have acquired infectious diseases as a consequence of Defendants' failure to protect such inmates and their neglect and deliberate indifference.

2.      On information and belief, numerous inmates of the Jail have been infected with infectious diseases such as virulent staph infections and cellulitis as a consequence of Defendants' abject failure to protect such inmates, and their neglect and deliberate indifference. There are questions of law and fact in this case that are common to all of such inmates. Plaintiff's claims are typical of those of the class, and she will fairly and adequately protect the interests of the class.

## II. Jurisdiction and Venue

3.      Plaintiff, and all others similarly situated, seek actual and punitive damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed them by the Eighth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §1331 and §1343. Plaintiff and the other members of her class also seek declaratory and injunctive relief, as well as damages under the pendent jurisdiction of this Court, for negligence, gross negligence and intentional infliction of emotional distress. As Floyd County, Indiana is the location of all acts pertinent to this suit, venue is proper in this Court.

## III. Class Action

4.      Plaintiff brings this action as a class action pursuant to Rules 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure. The class consists of all persons who, while incarcerated at the Jail, have acquired infectious diseases as a consequence of Defendants' failure to protect such inmates and their neglect and deliberate indifference.

5.      Plaintiff will fairly and adequately protect the interests of all class members. She is a member of the class and her claims are typical of the claims of all class members. Plaintiff will aggressively pursue the interests of the entirety of the class. Plaintiff's interest in obtaining

2

injunctive relief and actual and punitive damages for the violations of her constitutional rights and privileges are consistent with and not antagonistic of those of any other person within her class.

6.  Given the circumstances of her incarceration, as detailed below, Plaintiff alleges that Defendants have a policy, custom and/or practice of failing to protect inmates from conditions that foster and persons that have infectious diseases, purposely deceiving infected inmates as to the nature and risks of their disease, incarcerating inmates with infected persons without such inmates' knowledge, and failing to train Jail employees or inmates or establish or require adherence to policies, customs and practices to prevent conditions that foster the growth and spread of the diseases and to prevent inmates from contracting the diseases.

7.  Such conduct violates such inmates' rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983. The only question that remains to be resolved is whether Plaintiff and the members of the class are entitled to declaratory and injunctive relief, or to an award of compensatory and punitive damages and, if so, the extent of such an award.

8.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

   a. A multiplicity of suits with consequent burden on the courts and Defendants should be avoided.

   b. It may be virtually impossible for all class members to intervene as parties-plaintiff in this action.

   c. Upon adjudication of Defendants' liability, claims of the class members can be determined by this Court.

### IV. Parties

9.  Plaintiff is a resident of Floyd County, Indiana.

3

10. Defendant, Floyd County, Indiana, at all times mentioned herein, was responsible (a) for the conditions in the Jail, (b) for the establishment of policies either formally or by custom and practice for, and for the employment, training, supervision and conduct of, the officers and employees of the Jail.

11. Defendant, Darrell Mills, Sheriff of Floyd County, was responsible (a) for the conditions in the Jail, (b) for the establishment of policies either formally or by custom and practice for, and for the employment, training, supervision and conduct of, the officers and employees of the Jail. In addition, Defendant Hubbard may also have participated in the mistreatment of Plaintiff described below individually and/or in his official capacity.

12. Defendants John and Jane Does Nos. 1, 2 and 3, identities presently unknown, were at all times mentioned herein medical professionals, officers and/or employees of the Jail (a) directly responsible for (i) the care and custody of Plaintiff, (ii) the conditions of the Jail, and (iii) the policies, customs and practices pertaining thereto, and (b) who participated in the mistreatment of Plaintiff described below individually and/or in their official capacities.

## V. Nature of Defendants' Conduct

13. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the State of Indiana and Floyd County. The offenses described below resulted from the failure of Defendants to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to properly fund ongoing Jail operations, and/or to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect the constitutional rights of the citizens of the State of Indiana. Defendants' conduct was intentional or grossly negligent, and was indicative not only of deliberate indifference to, but active malice and a

total and reckless disregard for the constitutional and common law rights of Plaintiff and the class, justifying an award of punitive damages in addition to the actual damages which Plaintiff and the class are entitled to recover.

## VI. Facts

14. In the course and as a result of her incarceration in the Jail, Plaintiff acquired a virulent, penicillin-resistant staph infection. Plaintiff's infection is contagious and chronic, painful and disfiguring. Her infection can be transmitted to loved ones, fellow employees, customers and other persons with whom she comes in close contact unless serious precautions are taken. Her infection has had an extremely damaging impact upon her health, employability, insurability and relations with loved ones. Plaintiff, on admission to the Jail, was housed with other inmates who were already manifesting symptoms of the disease, and others have started manifesting symptoms of the disease, as well. At present, no reasonable estimation can be made of the number of persons incarcerated at the Jail who have become infected with this disease, and others, as a result of Defendants' conduct.

15. Plaintiff's infection was a direct result of conditions in the Jail, and the policies, customs and practices of Defendants. Inmates, in violation of state law, are left to change the dressings on the infectious wounds of other inmates. Although the Jail's medical staff routinely dismisses the symptoms of Plaintiff's disease as mere "spider bites," they refuse to enter the cells to treat infected inmates. Infected inmates are not isolated from healthy inmates. Inmates' requests for bleach to disinfect their cells have been rejected, although the Jail's staff gives the inmates biohazard bags for the disposal of soiled bandages. Inmates have been threatened with suspension of privileges if they did not cease their constant complaints about the situation.

16. Defendants have clearly failed to institute any policies, customs or practices, or to employ qualified persons, or to properly train Jail employees:

(a) to prevent or alleviate conditions in the Jail that foster and propagate infectious diseases; and

(b) to diagnose infectious diseases, to deal with infected inmates, or to prevent healthy inmates from contracting such diseases.

17. Defendants, as a consequence of their deliberate indifference to the health and welfare of Plaintiff and the class, not to mention their Eighth and Fourteenth Amendment rights, failed to protect Plaintiff and the class from infectious diseases, and knowingly and with deliberate indifference exposed them to such diseases, all in violation of clearly-established constitutional rights. It was unconscionable and outrageous for Defendants, among other things, to incarcerate Plaintiff in conditions and with infectious inmates, and to not provide Plaintiff with any warning or training in steps necessary to avoid acquiring the infection.

### VII. Causes of Action

#### A. Count I

18. Paragraphs 1-17 above are incorporated herein by reference and made this Paragraph 18.

19. Plaintiff's and the class' treatment at the Jail, and the Jail's conditions, described above, were the result of a continuing pattern of misconduct and is the result of policies, procedures, customs and practices of Floyd County, either written or unwritten, that are systematically applied to the Jail and whenever an individual is incarcerated at the Jail. Such practices constitute an arbitrary use of government power, and evince a total, intentional and unreasonable disregard for and deliberate indifference to the health, well-being and constitutional and common law rights of persons

6

incarcerated at the Jail, including Plaintiff and the members of the class, and the wholesale violations of those rights likely to result from the systematic pursuit of such policies, customs and practices.

20. As a result of the foregoing, Plaintiff and her class, through Defendants' failure to protect, and their deliberate indifference and intentional or grossly negligent conduct, were deprived without due process of law of their right not to be subjected to cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

21. Moreover, given the pre-existing law that clearly prohibited Defendants' conduct, Defendants' treatment of Plaintiff and the members of her class were intentional, wanton and malicious, and were indicative of Defendants' total and reckless disregard of and deliberate indifference to the rights of, and rise of harm to, Plaintiff and the other members of the class.

### B. Count II

22. Paragraphs 1-21 above are incorporated herein by reference and made this Paragraph 22.

23. The injuries to Plaintiff and the classes were the result of Defendants' conscious, knowing and wilful violation of applicable provisions of Indiana's Constitution, laws and regulations.

### C. Count III

24. Paragraphs 1-23 above are incorporated herein by reference and made this Paragraph 24.

25. By virtue of the foregoing, Defendants, without justification, negligently or intentionally inflicted upon Plaintiff and the class severe mental and emotional distress.

### D. Count IV

26. Paragraphs 1-25 above are incorporated herein by reference and made this Paragraph 26.

27. By virtue of the foregoing, Defendants were negligent and grossly negligent, and violated the standards applicable to their professions, all to the damage of the Plaintiff and the class.

### VIII. Damages

28. Paragraphs 1-27 above are incorporated herein by reference and made this Paragraph 28.

29. As a consequence of Defendants' wrongful conduct, Plaintiff and the members of the class have been infected with diseases that will have a substantial and deleterious impact on their health, their employment, their insurability, and their relations with their loved ones.

30. As a result of the foregoing, Plaintiff and the members of the classes have sustained medical expenses and lost wages, past and future, experienced unnecessary pain, suffering and disfigurement and severe and unjustified mental and emotional distress, and are entitled to recover actual damages. Furthermore, Defendants' violations of the constitutional and common law rights of the Plaintiff and the class were knowing, intentional, cruel, malicious and evinced a total and reckless disregard for the rights of Plaintiff and the class entitling them to recover punitive damages from Defendants in order to deter such conduct in the future.

### IX. Declaratory Judgment and Permanent Injunction

31. Paragraphs 1-30 above are incorporated herein by reference and made this Paragraph 31.

32. In addition to the foregoing, Plaintiff and the class request that this Court issue a declaratory judgment deeming unconstitutional any and all ordinances, regulations, policies,

procedures, customs or practices which resulted in their incarceration under conditions in which they could acquire infectious diseases, and further request that this Court permanently order Defendants to refrain from following or enforcing such ordinances, regulations, policies, procedures, customs or usages, to conform their conduct to the requisites of the Constitutions of the United States and Indiana, and to applicable Indiana laws and regulations, and to alleviate all jail conditions that contributed to the damages sustained by Plaintiff and the classes.

**WHEREFORE**, Plaintiff and the class she represents request (a) that this action proceed as a class action under Fed. R. Civ. P. 23 and (b) a trial by jury, and further request that she and all members of the class (c) be awarded actual and punitive damages, (d) be granted the declaratory and injunctive relief requested herein, and (e) be awarded all costs, attorney fees, pre- and post-judgment interest and all other relief to which they are entitled.

Respectfully submitted,

R. Kenyon Meyer
Dinsmore & Shohl LLP
1400 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
(502) 540-2300 Telephone
(502) 585-2207 Facsimile

Of Counsel:

J. Robert Shelton
Sales, Tillman, Wallbaum, Catlett & Satterly
1900 Waterfront Plaza
325 W. Main Street
Louisville, Kentucky 40502
(502) 589-5600 Telephone

Gregory A. Belzley
Dinsmore & Shohl LLP
1400 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
(502) 540-2300 Telephone

116022v1