UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY  DIVISION

| | | |
|---|---|---|
| PAMELA WALKER and  BRENT HOUSER, | ) | |
| Plaintiffs, | ) | |
| | ) | 4:07-cv-14- SEB-WGH |
| vs. | ) | |
| | ) | |
| FLOYD COUNTY, INDIANA, DARRELL MILLS, individually and as Floyd County Sheriff, RANDY HUBBARD, individually and as former Floyd County Sheriff, STEVE KNIGHT, individually and as Floyd County Jail Commander, and John and Jane Does 1,2 & 3 | ) ) ) ) ) ) ) | |
| Defendants. | | |

## ENTRY ON MOTIONS TO INTERVENE

This lawsuit was brought by two plaintiffs who spent time incarcerated at the Floyd County Jail (the "Jail") early in 2006.  They claim to have acquired virulent staph infections which were methicillin-resistant ("MRSA") while incarcerated and they sought to represent a class of those who were incarcerated at the Jail and became infected with staph or MRSA subsequent to February 6, 2006.  We denied their motion to certify a class, and now address motions to intervene which have subsequently been filed on behalf of numerous additional individuals who claim to have been similarly infected while incarcerated at the Jail.  The Plaintiffs and the putative intervenors allege that they became infected as a result of grossly inadequate hygiene and medical policies and procedures at

the Jail.

Three identically worded motions seeking permissive intervention have been filed (Docs. #106, #117, and #119) on behalf of a total of forty-nine (49) proposed intervenors. In addition, a Motion For Leave to Supplement Motion to Intervene (Doc. #115) has also been filed, which seeks to the attention of this court a recent ruling rendered by the United States District Court for the Western District of Kentucky. In *Thomas Tabor, et al. v. McCracken County, et al.*, Case No. 5:06-CV-144-R, Memorandum Opinion and Order (March 6, 2009 W.D. Ky.), our sister court addressed a similar motion to intervene filed by former inmates of a county jail under similar circumstances. We commonly find it helpful to consider the rulings of our sister courts when those rulings address issues nearly identical to issues pending before this Court; and, while they clearly carry no precedential value, such determinations can offer persuasive reasoning. For that reason, we grant the Motion to Supplement.

Defendants oppose the intervention arguing that all of these current and former inmates have distinct factual circumstances with respect to their incarceration, medical treatment and past related medical history. They also claim they would be prejudiced by the intervention because of delay and the need to litigate more than forty claims with varying issues of liability and causation in a single trial. According to Defendants, the Jail records reflect no medical issues with respect to many of these proposed intervenors and others were treated for

unrelated medical issues.  The affidavit of the Jail nurse, detailing the intervenors'
medical histories and explaining medical treatment choices, has been submitted
by Defendants in support of their defense to the motion.  However, we need not
delve into questions of fact with regard to medical treatment at this point in the
litigation.

Permissive intervention is governed by Fed. R. Civ. P. 24(b).  We have
relatively wide discretion to allow parties to intervene who have a claim or defense
that shares common questions of law or fact with the main action.  Fed. R. Civ.
P. 24(b)(1)(B).  Generally, if there are issues of fact and/or law in common, it is the
timeliness of the intervention request which is scrutinized most closely, because
there is no sense allowing  "Johnny-come-lately" intervenors to derail a lawsuit
which is within sight of the station.  *Sokaogon Chippewa Community v. Babbitt*,
214 F.3d 941, 949 (7th Cir. 2000).

In the case at bar, we denied Plaintiffs request to certify the lawsuit as a
class action on November 26, 2008.  Up until that point in time an intervenor may
have been satisfied that his or her rights were being pursued by the named
plaintiffs.  As the Supreme Court recognized, after  class certification has been
denied, "class members may choose to file their own suits or to intervene as
plaintiffs in the pending action."  *Crown, Cork & Steel v. Parker,* 462 U.S. 345, 354
(1983).  The first motion to intervene was promptly filed a little more than sixty
days following our ruling and the next two were filed four and five months later

respectively. Little, other than briefing on the motions, has been accomplished in the case during those later months, leaving the notion that Defendants have been prejudiced by delay without convincing support.

We also find no merit in the Defendants' contention that they will be prejudiced by having to try more than forty individualized claims in a single lawsuit. There is no question that there are at least a few common questions of fact and law associated with the claim of Plaintiffs and intervenors. All of them claim that the Jail's policies and procedures were a cause of their medical circumstances and were so inadequate as to be in violation of their constitutional rights. There is also no question that these claimants will have issues of individualized concern as well, and in many instances those issues may predominate. However, as our sister court in Kentucky pointed out, if the evidence demonstrates that the common questions of fact and law are outweighed by the uniqueness of the individual circumstances surrounding each claimant or by the circumstances peculiar to various groups of claimants, claims can be severed as necessary for individual or grouped trials.

Accordingly, each of the three pending motions to intervene (Docs. #106, #117 and #119) are GRANTED and the Motion For Leave to File Supplement to Motion to Intervene (Doc. #115) is GRANTED as well.

IT IS SO ORDERED.

Date: 07/22/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gregory A. Belzley
DINSMORE & SHOHL LLP
gregory.belzley@dinslaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Robert Kenyon Meyer
DINSMORE & SHOHL LLP
kenyon.meyer@dinslaw.com

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com

John R. Shelton
SALES TILLMAN WALLBAUM CATLETT & SATTERLEY
rshelton@stwlaw.com

-5-