UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ERIC FARNSLEY, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:07-cv-14-SEB-WGH |
| | ) | |
| FLOYD COUNTY, INDIANA, | ) | |
| DARRELL MILLS, individually | ) | |
| and in his official capacity as | ) | |
| Floyd County Sheriff, | ) | |
| RANDY HUBBARD, individually | ) | |
| and in his official capacity as former | ) | |
| Floyd County Sheriff, | ) | |
| STEVE KNIGHT, individually | ) | |
| and in his official capacity as | ) | |
| Floyd County Jail Commander, and | ) | |
| JOHN and JANE DOES, Nos. 1, 2 and 3, | ) | |
| individually and in their official capacities | ) | |
| as medical professionals, officers and | ) | |
| employees of the Floyd County Jail, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO ENFORCE**

**SETTLEMENT AGREEMENT**

This matter is before the Court on the Motion to Enforce Settlement Agreement filed by Defendants on May 27, 2010. (Docket Nos. 172-73). Plaintiff's Response to Motion to Enforce Settlement Agreement was filed on July 28, 2010. (Docket No. 180). Defendants' Reply was filed on August 4, 2010. (Docket No. 181).

The Court, being duly advised, now **GRANTS** the Motion to Enforce Settlement Agreement.

**Facts**

1. Plaintiff Pamela Walker filed this action in her individual capacity and on behalf of a class of persons who alleged that they acquired infectious diseases, principally Mersa, while incarcerated in the Floyd County Jail. (Docket No. 1). A Motion for Preliminary Injunction was filed and denied. (Docket Nos. 22, 50). A Motion for Class Certification was filed by Plaintiffs. (Docket No. 76). That motion was denied. (See Docket No. 103). The sole remaining Plaintiff at this time, Eric Farnsley, intervened in this case on July 22, 2009. (Docket No. 127).

2. Mr. Farnsley was represented by attorneys Robert Kenyon Meyer, John R. Shelton, and Gregory A. Belzley at the time he moved to intervene.

3. Beginning on approximately September 22, 2009, Mr. Meyer engaged in settlement discussions on behalf of Mr. Farnsley, with certain demands being made on Defendants' counsel and offers being received from Defendants' counsel. (Affidavit of Meyer, ¶ 3).

4. A settlement conference was held before Magistrate Judge William G. Hussmann, Jr., on November 2, 2009. (Docket No. 149). At that conference, certain of the Plaintiffs reached agreements in principle to resolve the matter, but other Plaintiffs did not.

5. At a telephonic status conference on December 23, 2009, all parties were represented by counsel, and counsel represented to the Magistrate Judge that substantially all of the Plaintiffs (totaling approximately 51 persons) had settled their claims at that time but that certain of the Plaintiffs had not settled their claims. (Docket No. 152).

6. On January 13, 2010, Plaintiffs' attorneys moved to withdraw for two of the Intervenor Plaintiffs, Albert Blanken, Jr., and Robert Ross, but did not file a motion to withdraw as attorney of record for Eric Farnsley. (Docket No. 153).

7. At a telephonic status conference held on January 15, 2010, counsel reported that there were three remaining Plaintiffs who had not agreed to resolve their claims. (Docket No. 155). The parties represented to the Court that negotiations were continuing with respect to Mr. Farnsley, but the Court granted Plaintiffs' counsel's Motion to Withdraw as counsel for two named Intervenor Plaintiffs (Blanken and Ross), who had not maintained contact with Plaintiffs' counsel, and with whom counsel was therefore unable to communicate.

8. Brenda Thacker, a paralegal for Plaintiffs' firm, contacted Mr. Farnsley, and Ms. Thacker has stated that Mr. Farnsley authorized Plaintiffs' counsel to accept $5,000 in full settlement of all claims being made in the case.

9. On Tuesday, January 26, 2010, Mr. Meyer advised Defendants' counsel that he had received authority from Mr. Farnsley to accept $5,000 in full and final settlement of Mr. Farnsley's claims. (Meyer Affidavit, ¶ 5).

10.  This offer was conveyed to Defendants' counsel via email.  (See Meyer Affidavit, ¶ 6 and Exhibit A).  By an email response approximately one hour later, Defendants' counsel confirmed that the settlement would be accepted.  (See Meyer Affidavit, ¶ 7 and Exhibit B).

11.  According to Mr. Farnsley, Defendants' acceptance was not conveyed to him until January 28, 2010.  (Plaintiff's Response, ¶ 1).

12.  According to Mr. Farnsley, he was not advised that this would be a final and binding offer.  (Plaintiff's Response, ¶ 3).

13.  Mr. Farnsley's counsel prepared an appropriate release for Mr. Farnsley to sign (in the same form that had been used by other Plaintiffs in this litigation) and forwarded that release to Mr. Farnsley.  (Meyer Affidavit, ¶ 8).

14.  On March 19, 2010, Mr. Farnsley indicated to Ms. Thacker that he was refusing to execute the release, and he wished to proceed with a trial in this case.  Mr. Meyer then notified the Defendants of Mr. Farnsley's decision to reject the settlement.

15.  On May 4, 2010, Mr. Farnsley's attorneys moved to withdraw as his counsel.  (Docket No. 169).

16.  Mr. Farnsley filed a response in opposition to the Motion to Withdraw on May 20, 2010.  (Docket No. 170).

17. On May 27, 2010, Defendants filed a Motion to Enforce Settlement Agreement as and against Mr. Farnsley. (Docket No. 172).

18. A telephonic hearing was held on the Motion to Withdraw as Mr. Farnsley's counsel on June 15, 2010, before Magistrate Judge Hussmann. The Magistrate Judge granted the Motion to Withdraw, conditioned upon counsel providing to Mr. Farnsley his personal file and discovery materials. (Docket No. 179).

**Analysis**

In the Seventh Circuit, a district court may order the dismissal of a suit with prejudice on the basis of a settlement. See *Elustra v. Mineo,* 595 F.3d 699 (7th Cir. 2010), and *Newkirk v. Village of Steger,* 536 F.3d 771 (7th Cir. 2008).

To determine whether there was a settlement, the federal court applies state law. *See Elustra,* 595 F.3d at 708, which applied Illinois law to a settlement which occurred in federal court in the Northern District of Illinois. Indiana recognizes the enforcement of settlement agreements. *Klebes v. Forest Lake Corp.,* 607 N.E.2d 978, 982 (Ind. Ct. App. 1993). In *Klebes*, the Court held that if a party agrees to settle a pending action but thereafter refuses to consummate the settlement agreement, the opposing party may obtain a judgment enforcing the agreement from the Court before which the action is pending.

"A settlement agreement is merely a contract between the parties to the litigation," and the parties' dispute regarding the settlement agreement at issue is, therefore, governed

by Indiana contract law.  *Carr v. Runyan,* 89 F.3d 327, 331 (7th Cir. 1996).  To create a binding contract under Indiana law, there must be an offer, an acceptance of that offer, and a meeting of the minds between the contracting parties.  *Straub v. B.M.T. by Todd,* 645 N.E.2d 597, 598 (Ind. 1994).  Under Indiana agency and contract law, a principal will be bound by a contract its agent entered into on its behalf only if the agent had actual or apparent authority, or if the principal subsequently ratifies the agreement.  *Id.*  Actual authority exists where the principal has authorized the agent to enter into such a contract on its behalf.  The authorization may be implicit, arising from the actions by the principal that would lead a reasonable agent to believe he possessed such authority.  *Id.*

The facts in this case show that Mr. Meyer, an attorney of record for Mr. Farnsley, and his agent at the time, conveyed a specific settlement offer to the Defendants.  That offer was accepted via a return email.  The email return did not attach any conditions to the settlement other than the fact that it might take 60 to 90 days to make payment.  There is no evidence that Mr. Farnsley's prior offer to settle was conditioned on any particular date of payment.  Therefore, the evidence establishes that Defendants did accept all material terms of Mr. Farnsley's offer.

Mr. Farnsley's response to the Motion to Enforce Settlement Agreement suggests that he did not understand that his offer was to be considered a final offer in the matter; he further argues that he now wishes to continue the litigation because he believes Defendants are not being honest about the circumstances of the present case and refuse to accept responsibility for the conditions at the jail.  However, neither of these arguments detracts

from the fact that Mr. Farnsley's authorized attorney and agent conveyed an offer which was accepted by Defendants and a meeting of the minds occurred as to those terms.  There is no evidence before the Court that Mr. Farnsley took any actions between January 28, 2010, (when he apparently was apprised of the acceptance of his offer) and March 19, 2010, to dispute that an agreement had been reached.  Mr. Farnsley does not refute Ms. Thacker's representations of her communication with him, as described in the Affidavit of Mr. Meyer.  Mr. Farnsley's response establishes, at most, that, after receiving the appropriate papers to accept the offer, he changed his mind concerning whether this case should settle. This is insufficient to set aside the agreement that was reached when his offer was accepted.

Mr. Farnsley is bound by the terms of his agent's agreement.  To the extent that Defendants wish to enforce the settlement agreement, they must tender a check, a release document, and a proposed stipulation of dismissal to Mr. Farnsley.  He may endorse the check and return the executed release and stipulation; however, if he chooses not to do so, his remedy is to appeal this decision to the United States Court of Appeals for the Seventh Circuit.

### Decision

The Court, therefore, **GRANTS** the Motion to Enforce Settlement Agreement.  Counsel for Defendants should tender a check in the appropriate amount, a release, and stipulation of dismissal to Mr. Farnsley within seven (7) days of the date of this Order.  Mr. Farnsley is directed to sign and return the stipulation of dismissal and release within seven

- 8 -

(7) days thereafter, if he chooses to accept the Court's ruling and the settlement payment.  In any event, a final judgment shall enter dismissing his case based upon the settlement reached on or about September 30, 2010.


IT IS SO ORDERED.

Date: _____08/27/2010_____

                                                            *Sarah Evans Barker*
                                                          SARAH EVANS BARKER, JUDGE
                                                          United States District Court
                                                          Southern District of Indiana


Electronic copies to:

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com


**Mail copy to:**

ERIC FARNSLEY
#2004861946
Putnamville Correctional Facility
1946 West U.S. Highway 40
Greencastle, IN  46135